IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| J.H., A.H., and T.B. | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. _____ |
| | § | JURY DEMANDED |
| CHEATHAM COUNTY BOARD OF EDUCATION, and CHIP RONEY, | § § § § | |
| Defendants. | § § § | |

## COMPLAINT

**COME THE PLAINTIFFS, J.H., A.H., and T.B.,**[1] filing this Complaint against the Defendant, **CHEATHAM COUNTY BOARD OF EDUCATION** and **CHIP RONEY**. They show:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs **J.H., A.H., and T.B.** are citizens and residents of Ashland City, Tennessee.

2. Defendant, **CHEATHAM COUNTY BOARD OF EDUCATION**, ("Cheatham County") is an employer operating in Cheatham County, Tennessee who, acting under color of law, deprived Plaintiffs of a Constitutional right as set forth herein below.

3. Defendant, **CHIP RONEY,** is an individual residing in Cheatham County who, acted in

---

[1] Plaintiffs are identified by their initials because they advocated on behalf of their minor children and use of their full names would be identifying information as to the minors.

1

his official capacity as principal of Ashland City Elementary School.

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This action also arises under the following federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub.L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101 et seq., amended by the Americans with Disabilities Amendments Act (ADA-AA) with an effective date of January 1, 2009, the Rehabilitation Act of 1973, §§504 and 505, as amended, 29 U.S.C.A. §§794 and 794a, including the conforming amendment of the ADA-AA which changes the definition of "disability" under §504 to conform to the definition of "disability" under ADA-AA.[2] Both the ADA and §504 prohibit retaliation against persons with disabilities, or persons who advocate on behalf of a student's education. Additionally, this action also arises under the First Amendment to the United States Constitution and 42 U.S.C. §1983. Declaratory relief is authorized pursuant to 28 U.S.C. §§2201-02. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' state law negligence claims.

6. Venue is proper because the alleged acts in this lawsuit occurred in this judicial district and/or because the Defendant conducts business in this judicial district.

## II.     FACTS

7. This case concerns a pattern and practice of intimidating and retaliatory conduct by Cheatham County, by and through a school official, Principal Chip Roney, in response to parents who advocate on behalf of children with special needs. The pattern of conduct is committed by Defendant Roney, but known, condoned, and always excused by the Board of Education. Specifically, challenges to the rights of children with special needs, as shown below, are met

---

[2] Cheatham County Schools, including Ashland City Elementary School, are the beneficiaries of federal funding subject to Section 504 of the Rehabilitation Act and are therefore covered by the Act.

2

with "banning" the parents from the school.

8.      In December of 2014, Defendant Roney referred to special needs students as "the low students."  For special needs students who act unruly, he said they should be dealt with by calling the police, and not through de-escalation strategies.  According to Roney, the normal means of working with special needs children "does not translate to Ashland City Elementary."  Defendant Roney also offered how these kids can be suspended for 10 days at a time, thereby avoiding federal laws in place for their protection.

9.      These attitudes of the principal, Roney, were reported to the Board by a special educator.  However, instead of conducting a meaningful and adequate investigation, the Board chose a protectionist attitude and dismissed the complaints as "unfounded."

10.     The Board's pattern, demonstrated over time, is to protect and defend itself and its principal, Roney, <u>not</u> to address the real problems of intimidation and retaliation.  The complaints against Mr. Roney are "founded," not unfounded, and are borne out by the experiences of multiple parents of children with special needs.

11.     **J.H. and A.H.**  Plaintiffs, J.H. and A.H., adopted a three-year-old child with special needs from China.  The child has a disability covered by Section 504 and the ADAAA—a medical impairment which substantially limits him in the major life activities of digestion and of elimination of waste.  This required occasional use of diapers.

12.     Defendant Roney initially stated the child could not attend Ashland City Elementary School *at all*.  In response, J.H. and A.H. exercised First Amendment rights to complain to the Board and Superintendent of Schools.  But instead of addressing the discrimination, the parents

were threatened with police action and J.T. was "banned" from the public elementary school.[3]

13. Cheatham County has adopted a "see-no-evil" or "whack-a-mole" approach to dealing with Roney's pattern of intimidation and retaliation. Instead of recognizing the overarching pattern and multiple complaints, it instead "spins" each one into a perceived ambiguity or mere misunderstanding.

14. However, the pattern of "banning" parents who exercise rights under the First Amendment, ADA, and Section 504 to seek help for their special needs students is by now well documented. In addition to J.H. and A.H, the Board has received complaints that Roney banned the parents of a non-verbal child who sought medication in the classroom and threatened these parents with arrest.

15. **T.B.** For yet another example, T.B. advocated for her child's special needs too. T.B.'s daughter has a medical impairment of autism and is substantially limited in major life activities of learning, communication, and concentration. Therefore, T.B. advocated for her child to be included ("mainstreamed" or placed in the "least restrictive environment") with non-disabled peers during extracurricular activities, recess, lunches, "specials" (computer, library, art) awards, programs, field trips, parties, and after-school activities, not segregated with disabled kids. After multiple events of segregation, T.B. requested that her child be able to participate in a year-end program with non-disabled first graders.

16. In response, Roney banned the parent from the school altogether, preventing her from even seeing her child participate at school activities or assisting her child at school. To see her child, T.B. had to transfer schools away from her neighborhood zoned school. Once again, these

---

[3] Upon information and belief, Roney was ordered by the Board to write a letter to the parents. However, he simply chalked up his actions to a "misinterpretation." Again, no meaningful disciplinary action was taken against Roney.

4

issues were made known to the Board of Education and, once again, no meaningful action was taken against Roney.

17. In addition to banning all the parents noted above, in September off 2014, parents of a disabled child with a severe allergy brought concerns to Roney about their child's needs for accommodations at school. In Response, Roney called the Department of Children's Services upon the parents and, as he had done with others, banned them from accessing their child at school (or even going past the office), and threatened them with arrest.[4]

18. The pattern of actions by Roney, accepted, tolerated, ratified, and condoned by Cheatham County, have caused the Plaintiffs' injuries including humiliation, anger, worry, fear and other emotional distress. These injuries are to the parents and are non-educational injuries caused by retaliation.

### III. LEGAL CAUSES OF ACTION

19. Based upon the foregoing, incorporated herein, Plaintiffs bring the following causes of action against Defendants:

    **A.** **Retaliation Under §504 of the Rehabilitation Act, 29 U.S.C. §794.**

    **B.** **Retaliation Under Title II of the Americans with Disabilities Act, with Amendments;**

    **C.** **Retaliation Under the First Amendment to the Constitution and Section 1983.**

20. Additionally, the following legal claims are brought against Defendant Cheatham County Board of Education:

    **A.** **Negligent Supervision.**

21. Plaintiffs demand a jury.

---

[4] Those parents have filed a related case of C.G. and B.G. v. Cheatham County Board of Education and Chip Roney, No. 3:14-cv-02309.

5

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests:

A) Defendants answer this Complaint within the time period prescribed by law;

B) That the Court award permanent injunctive relief to include non-retaliation against Plaintiffs;

C) That Plaintiffs be Awarded damages to include pain and suffering and/or humiliation/embarrassment or other compensatory damages, any actual monetary losses occasioned by the retaliation;

D) That the Court enter appropriate injunctive relief to address or enjoin the pattern of retaliatory behavior against parents who advocate for their children with special needs;

and

E) Their reasonable attorneys fees and costs per applicable statutes.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
341 Cool Springs Blvd Suite 230
Franklin Tennessee 37067
Telephone: 615.354.1144
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jsalonus@gilbertfirm.com