IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| J.H., A.H., and T.B., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01315 |
| ) | JURY DEMAND |
| CHEATHAM COUNTY BOARD OF ) | Haynes/Knowles |
| EDUCATION, and CHIP RONEY, ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

COME now the named defendants Cheatham County Board of Education (the "School Board") and Chip Roney (collectively the "School" defendants) and in answer to the Complaint, by enumerated paragraph, would respond as follows:

I.
Answer

1. Admitted.

2. It is admitted that the School Board is a governmental body that manages and controls public schools within Cheatham County, Tennessee, and which through its Director of Schools employs personnel. The remaining allegations of paragraph 2 are denied.

3. Paragraph 3 is admitted with the qualification that Roney resides in Montgomery County, Tennessee, and the further qualification that to the extent Roney is sued officially, he is not a proper party to this litigation.

4. Federal question jurisdiction is admitted.

5. Supplemental jurisdiction is admitted.

6. Venue is admitted.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Admitted, with the qualifications that the School Board was aware that the child was in the SPED program but that defendant Roney was unaware of that fact prior to his meeting with the child's mother, and the defendants are not currently aware of the minor child's medical or personal needs because he has enrolled is not attending a public school in the county.

12. The first sentence is denied. It is admitted that after a School Board work session the plaintiffs JH (husband) and AH (wife) initiated conversations with School Board administrative officials including the Director of Schools about principal Roney, as alleged in the second sentence. It is affirmatively averred that husband JH was repeatedly verbally hostile, confrontational and invasive of the Director's personal space in this conversation and finally, to avoid further escalation, the Director informed JH that he needed to leave or that the Director would have to contact the police. With respect to the third sentence, it is admitted that JH was repeatedly verbally hostile, confrontational and invasive of the Director's personal space following a School Board work session and that after a period of time JH was told by the Director that he needed to leave or that the Director would contact the police. It is affirmatively averred that this statement was justified based upon JH's misconduct and inappropriate behavior. The School defendants do not know who is being referred to as "JT" in the third sentence. If this is intended to refer to "JH" or any of the plaintiffs, this is denied.

13. Denied.

14. Denied.

15. The first two sentences are admitted. With respect to the third sentence, TB's child had an individualized education plan (IEP) in place that outlined her educational needs and services. Concerning the fourth sentence, it is denied that multiple events of segregation

occurred, and the remaining portion of sentence four is denied as worded and strict proof is demanded.

16. The first sentence is denied, and it is affirmatively averred that TB knowingly bypassed the school front desk in violation of School Board policies and postings throughout the school limiting access to hallways and classrooms without the knowledge or permission of school officials. TB then entered into her child's special needs classroom unannounced and yelled, waived her arms, and generally caused extreme consternation and distress to the other special needs students in the classroom, such that teachers insisted that she leave. It is denied that TB was banned from school. Rather, as a result of TB's own misconduct and behavior and her violation of School Board and school policies she was barred from going past the school office and entering into school hallways and classrooms. As to sentence two, it is admitted only that TB made a voluntary choice to transfer her child to another school. In sentence three it is admitted only that TB made concerns she had about her child known to administrative officials at the School Board. The remaining allegations of this paragraph, except as expressly admitted or otherwise qualified, are denied.

17. It is denied that the plaintiffs were banned from school. It is admitted that there is a parallel case involving parents whose child had a peanut allergy, Case No. 3:14-cv-02309, and that Roney reported an issue involving that child to DCS as was his obligation. Defendants defer to those proceedings, but would affirmatively aver that the parents in that case were properly limited in hallway and classroom access for violating School Board policies. To the extent not admitted or admitted as qualified, the allegations of paragraph 17 are denied.

18. Denied. It is affirmatively averred, however, that plaintiffs are or should be collaterally or judicially estopped or precluded from seeking duplicative damages or damages that could be pursued, whether phrased as educational injuries or otherwise, in any subsequent

actions with the same underlying facts, circumstances, parties and/or events.

19. Denied, and affirmatively averred that these defendants are not guilty of any retaliatory conduct under any federal or State law, theory or claim.

20. It is unclear what basis is raised for this State tort claim or the particulars of where the School Board, through its Director, may have been negligent or in breach of its duty of supervision of any person. As such defendants are without sufficient information to admit or deny the allegations of paragraph 20 and so these are denied. To the extent that the allegations of paragraph 20 are claiming that the School Board through its Director was negligent in general or specific duties of supervision over defendant Roney, the paragraph is denied.

All other allegations of the complaint not herein specifically admitted or admitted as qualified are hereby denied in their entirety, and strict proof is demanded.

## II.
## Affirmative Defenses

As additional affirmative defenses, each of the defendants assert the following:

1. Failure to state a claim upon which relief may be granted.

2. Defendant Roney has only been sued in his official capacity, and so is not a proper party defendant.

3. To the extent that defendant Roney has been sued individually under any theory, he asserts the defense of qualified immunity under applicable law.

4. Defendant reserves the right to seek to exclude any damage claim that may be encompassed within or properly redressed through the provisions of the Individuals with Disabilities Education Act (IDEA) and its interpretive regulations, as premature and subject to exhaustion of administrative remedies.

5. The School Board has no liability under *42 U.S.C. §1983* in that there has been no deprivation of a constitutional right, there is no offensive official policy adopted and promulgated by the School Board nor an improper governmental custom or practice, and principal Roney had no final policy making authority that would give rise to an official policy.

6. The defendants do not dispute that the children of the plaintiff-parents, as referenced in the complaint, have a disability or handicap within the meaning of Section 504 and applicable provisions of the ADAAA, but maintain that plaintiffs cannot establish the other elements of their prima facie cases prerequisite to pursing these retaliation claim claims.

7. The actions of the defendants taken towards these plaintiffs were based upon sound and legitimate non-discriminatory/non-retaliatory reasons, in good faith and with proper motive, and were not motivated in whole or part by any assertion of rights by plaintiffs under Section 504, the ADAAA, the United States Constitution, or other applicable statute.

8. Defendants assert all other defenses available under Section 504, the ADA, and the ADAAA and as may be available under *42 U.S.C. §1983*.

9. Defendants allege immunity under the discretionary function exception with respect to State law claims.

10. All actions of Roney, as an employee and principal of his school, were reasonable, were taken within the scope and course of his employment for the safety and security of the minor plaintiffs and others, and were in conformance with the existing policies, rules, customs, practices and procedures in effect.

11. The defendants expressly reserve the right to assert other, additional or differing affirmative defenses after the conduct of discovery in this cause.

5

Case 3:15-cv-01315   Document 5   Filed 01/05/16   Page 5 of 6 PageID #: 21

## IV.
### Prayer for Relief

WHEREFORE, premises considered the defendants respectively pray that the complaint be dismissed, with an award of appropriate costs and/or fees allowable under *42 U.S.C. §1988* or otherwise, and for other relief.  **A jury of eight (8) is demanded in this cause.**

Respectfully submitted.

/s/ Kenneth S. Williams
Kenneth S. Williams, Esq. (#10678)
**Madewell, Jared, Halfacre, Williams & Wilson**
230 N. Washington Ave.
Cookeville, TN 38501
Telephone: (931) 526-6101
Facsimile: (931) 528-1909
Email: ksw@citlink.net
*Counsel for the Defendants Cheatham County Board of Education and Chip Roney*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served, via the Middle District ECF filing system, a true and correct copy of the foregoing pleading upon counsel for the parties, as follows:

Justin S. Gilbert
Gilbert, Russell, McWherter, Scott, Bobbitt, PLC
341 Cool Springs Blvd., Ste. 230
Franklin, TN 37067

Jessica F. Salonus
Gilbert, Russell, McWherter, Scott, Bobbitt, PLC
101 N. Highland Ave.
Jackson, TN 38301

/s/ Kenneth S. Williams     1/5/2016
Attorney                    DATED