**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | | |
|---|---|---|---|
| **J.H., A.H., and T.B.,** | ) | | |
| | ) | | |
| **Plaintiffs,** | ) | | |
| | ) | | |
| **v.** | ) | **Case No. 3:15-cv-01315** | |
| | ) | **Senior Judge Crenshaw** | |
| **CHEATHAM COUNTY BOARD OF** | ) | **Magistrate Judge Frensley** | |
| **EDUCATION and CHIP RONEY,** | ) | **(Jury Demand)** | |
| | ) | | |
| **Defendants.** | ) | | |

## PLAINTIFFS' JURY CHARGE AND INSTRUCTIONS

COME THE PLAINTIFFS, submitting these jury charges and instructions.

NOTE: Per the Court's Order, the parties have submitted a joint list of instructions and, separately, the parties have submitted separate proposed instructions. In Plaintiffs' instructions, below, the joint instructions are the same with the exceptions of Plaintiffs' Nos. 2.0, 2.03, 2.03(A), 2.04, 2.05, 2.06, 2.07, 2.08, 2.09, 3.02, and 3.11.

## TABLE OF CONTENTS

**1. Introductory Instructions**

| # | | Page |
|---|---|---|
| 1.01 | Introduction | 3 |
| 1.02 | Jurors' Duties | 4 |
| 1.03 | Evidence Defined | 5 |
| 1.04 | Consideration of Evidence | 6 |
| 1.05 | Direct and Circumstantial Evidence | 7 |
| 1.06 | Credibility of Witnesses | 8 |
| 1.07 | Number of Witnesses | 10 |
| 1.08 | Lawyers' Objections | 11 |

**2. Case Specific Instructions**

| # | | Page |
|---|---|---|
| 2.01 | Overview & Case Theories | 12 |

| 2.02 | ADA & Section 504 Retaliation | 15 |
| 2.03 | Prima Facie Case (ADA/504 Retaliation) | 16 |
| 2.03(A) | Disability | 16 |
| 2.04 | Causal Connection Explained  (ADA/504 Prima Facie Case) | 18 |
| 2.05 | Legitimate Non-Retaliatory Reason (ADA/504 Retaliation) | 19 |
| 2.06 | Pretext for ADA/504 Retaliation | 20 |
| 2.07 | Honest Belief Rule | 22 |
| 2.08 | Elements of First Amendment/Section 1983 Claim | 23 |
| 2.09 | Substantial Motivating Factor | 23 |

## 3.   Concluding Instructions

| # | | Page |
|---|---|---|
| 3.01 | Sympathy and Hostility | 24 |
| 3.02 | Burden of Proof and/or Preponderance of Evidence | 25 |
| 3.03 | Subjective Belief | 26 |
| 3.04 | Damages | 27 |
| 3.05 | Deliberation and Verdict | 28 |
| 3.06 | Experiments, Research, Investigation and Outside    Communications | 29 |
| 3.07 | Unanimous Vote | 30 |
| 3.08 | Duty to Deliberate | 31 |
| 3.09 | Verdict Form | 32 |
| 3.10 | Court Has No Opinion | 34 |
| 3.11 | Juror Notes | 35 |

1. <u>INTRODUCTORY</u>

<u>Pl. Instruction #1.01</u>

Introduction

(1)  Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)  I will start by explaining your duties and the general rules that apply in every civil case.

(3)  Then I will explain the elements, or parts, of the claims that plaintiff Teresa Brunker has raised against the defendants the Cheatham County Board of Education and Chip Roney individually.

(4)  Then I will explain the position of the defendants on these claims.

(5)  Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)  Please listen very carefully to everything I say.

<u>Authority:  CA6. Pattern Jury Instructions §1.01 Introduction</u>

_____  GIVEN
_____  REFUSED
_____  GIVEN AS MODIFIED

3

Pl. Instruction #1.02

Jurors' Duties

(1)  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)  Your second duty is to take the law that I give you, apply it to the facts, and decide if Ms. Brunker has proved her claims against either or both defendants.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)  The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4)  Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority:  CA6. Pattern Jury Instructions §1.02    Jurors' Duties


_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #1.03</u>

Evidence Defined

(1)  You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)  The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

(3)  Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)  During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)  Make your decision based only on the evidence, as I have defined it here, and nothing else.

<u>Authority:  CA6. Pattern Jury Instructions §1.04     Evidence Defined</u>

**_____** GIVEN
**_____** REFUSED
**_____** GIVEN AS MODIFIED

Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Authority: CA6. Pattern Jury Instructions §1.05 Consideration of Evidence

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #1.05</u>

Direct and Circumstantial Evidence

(1)  Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)  Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)  It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

<u>Authority:  CA6. Pattern Jury Instructions §1.06 Direct and Circumstantial Evidence</u>

**_____** GIVEN
**_____** REFUSED
**_____** GIVEN AS MODIFIED

Pl. Instruction #1.06

Credibility of Witnesses

(1)  Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)  Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)  Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to Ms. Brunker or the school system and Chip Roney individually, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider

whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Authority: CA6. Pattern Jury Instructions §1.07    Credibility of Witnesses

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #1.07</u>

Number of Witnesses

(1)  One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)  Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

<u>Authority:  CA6. Pattern Jury Instructions §1.08     Number of Witnesses</u>

**_____** GIVEN
**_____** REFUSED
**_____** GIVEN AS MODIFIED

Pl. Instruction #1.08

Lawyers' Objections


(1)  There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)  The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)      And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:  CA6. Pattern Jury Instructions §1.09     Lawyers' Objections


_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

2.  CASE SPECIFIC INSTRUCTIONS

Pl. Instruction #2.01

Overview & Case Theories

In this case Ms. Brunker Teresa Brunker has brought three federal causes of action against the school system and Chip Roney individually Cheatham County Board of Education.  Those claims are

(1) retaliation under Title II of the Americans with Disabilities Act;

(2) retaliation under § 504 of the Rehabilitation Act, 29 U.S.C. § 794; and

(3) § 1983 claim for retaliation under the First Amendment.

The plaintiff claims that she personally was retaliated against for advocating for her daughter. She has brought retaliation claims against the Cheatham County Board of Education under the Americans With Disabilities Act and  Section 504 of the Rehabilitation Act, but not against the individual defendant Chip Roney individually.    Both the ADA and Section 504 of the Rehabilitation Act prohibit retaliation against an individual because she opposes practices made unlawful by the Acts, or otherwise seeking to enforce rights under the Acts.  The defendant denies these claims.

The plaintiff has also sued both the school system and Chip Roney individually claiming that she was retaliated against for exercising her rights of free speech under the First Amendment.  Both defendants deny these claims.

The case theory for Ms. Brunker is as follows:

Ms. Brunker claims she engaged in protected speech and conduct.  That is, she says she spoke out about having her daughter with a disability be educated alongside children without disabilities.  This is known as mainstreaming, and it helps Ms. Brunker's child learn more quickly in terms of academics,

socially, and behaviorally. Ms. Brunker says the school consistently failed to mainstream her daughter, requiring further complaints. Ultimately, Ms. Brunker says he daughter was left out of a school play and, when she brought this to the attention of teachers, the school retaliated against her. The retaliation, she says, was banning her from attending school, past the front desk. Thus, she missed out on important events in her child's education which was hurtful to her. She wants to be free of such retaliation and have reasonable compensation for the acts taken against her.

The case theory for Chip Roney individually and the Cheatham County Board of Educations is as follows:

[INSERT]

Authority:  See  Hiler v. Brown, 177 F.3d 542, 547 (6th Cir. 1999); Lee v. Mich. Parole Bd., 104 F. App'x. 490, 493 (6th Cir. 2004).A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ., 711 F.3d 687, 696-97 (6th Cir. 2013) (citing 42 U.S.C. § 12203 and 28 C.F.R. 35.134 (ADA); 29 U.S.C. § 794(a) and 29 C.F.R. § 33.13 (Section 504).

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #2.02</u>

ADA & Section 504 Retaliation


Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act are federal statutes designed to protect the interests of children with disabilities. Both acts prohibit retaliation against an individual because he or she opposes practices made unlawful by the Acts or otherwise seeking to enforce rights under the Acts. In this case Ms. Brunker claims that she was retaliated against because she spoke up for her child, who was a student at Ashland City Elementary School and who has a recognized disability. The claim of retaliation is being made by Ms. Brunker, not the child. The school system denies that it retaliated against Ms. Brunker under either Act. By law, there is no individual liability under Section 504 or the ADA, and so Chip Roney cannot be found individually liable under either Act.

*Authority:* 42 U.S.C. § 12203, <u>and</u> C.F.R. 35.134 (ADA); 29 U.S.C. § 794(a) *and* 29 C.F.R. § 33.13 (Section 504); A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ., 711 F.3d 687, 697 (6th Cir. 2013); Sagan v. Sumner Cty. Bd. of Educ., 726 F. Supp. 2d 868, 875, 2010 WL 2696169 (M.D. Tenn. 2010); H.C. v. Fleming Cty. Kentucky Bd. of Educ., No. CV 5:16-235-DCR, 2017 WL 4249546, at *4 (E.D. Ky. Sept. 25, 2017).


_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #2.03</u>

ADA/504 Retaliation Elements

For her ADA and Section 504 claims Ms. Brunker bears the initial burden of establishing, by a preponderance of the evidence, a prima facie case by showing that (1) she engaged in protected activity under Section 504 and the ADA; (2) the defendant knew that she engaged in this protected activity; (3) the defendant took an adverse action against her; and (4) there was a causal connection between the protected activity and the adverse action.

The school system acknowledges that as the parent of a child with special needs Ms. Brunker engaged in a protected activity, and that she was banned from going beyond the school's front desk. The school system disputes that there is a causal connection between her activities and the actions taken. It is up to Ms. Brunker to prove all elements of her claim. If Ms. Brunker proves all of these elements for her ADA or Section 504 claim by a preponderance of the evidence, then you must return a verdict for the Plaintiff Ms. Brunker. If Ms. Brunker does not prove all of these elements for her ADA or Section 504 claim by a preponderance of the evidence, then you must return a verdict for the Defendant school system.

<u>Authority: Rorrer v. City of Stow, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing A.C. ex rel. J.C., 711 F.3d at 697); Taylor v. Geithner, 703 F.3d 328, 336 (6th Cir. 2013).</u>

<u>Pl. Instruction #2.03(A)</u>

Disability

In order to prevail on her retaliation claim, Plaintiff, Ms. Brunker, need not prove *she* had a disability under the ADA. Rather, the disability is that of her child. There is no dispute in this case that Mrs. B.'s

child has a disability.

*A.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013); 29 U.S.C. § 794(a) and 29 C.F.R. § 33.13 (Rehabilitation Act); 42 U.S.C. § 12203(a) and 28 C.F.R. § 35.134 (ADA).

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #2.04</u>

Causal Connection Explained

For retaliation claims brought under the ADA and Section 504, Ms. Brunker can establish the causal connection by showing the school system's actions against her would not have occurred were it not "but for" her protected activity. You must be aware that there may be multiple "but for" causes for a decision. Plaintiff is *not* required to prove that her disability was the *sole cause* or even the primary cause for Defendant's decision. Plaintiff need only prove that her actions were "a" single but for cause even though other "but for" causes may also have motivated Defendant's actions.

*Lewis v. Humboldt*, 681 F.3d 312 (6th Cir. 2012); *United States v. Burrage*, 517 U.S. ___ (2014)(acknowledging multiple but for causes)<u>; *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2528 (2013); *Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343, 2350 (2009*</u>.

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #2.05</u>

Legitimate Non-Retaliatory Reason (ADA/504 Retaliation)


   If Ms. Brunker establishes her prima facie case of unlawful retaliation, then the burden of production shifts to the school system to present some evidence of a legitimate, non-retaliatory reason for barring Ms. Brunker from going beyond the school's front desk. The school system can satisfy this requirement if it articulates a reason for its action which does not violate the retaliation provisions Section 504 or the ADA.


<u>Authority:  A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ., 711 F.3d 687, 696-97 (6th Cir. 2013); see Vincent v. Brewer Co., 514 F.3d 489, 497 (6th Cir. 2007); see Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); Gee-Thomas v. Cingular Wireless, 324 F. Supp. 2d 875, 882-883 (M.D. Tenn. 2004).</u>




_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

Pretext for ADA/504 Retaliation

If you find that school system has explained or otherwise produced evidence of a non-retaliatory reason for its decision to bar plaintiff from going beyond the school's front desk, then you must decide if Ms. Brunker has proven, by a preponderance of the evidence, that the non-reason reason given by the school system was merely a pretext for unlawful retaliation. Ms. Brunker may establish pretext by proving, by a preponderance of the evidence, that the reasons given by the school system for its action either:

(1)     Have no basis in fact; or

(2)     Were not the actual reasons for its action; or

(3)     Were insufficient to explain the action against Ms. Brunker.

It is permissible, though not mandatory, for you to infer retaliation occurred based upon a finding of *falsity* of the Defendant's reason for taking the action it took against the Plaintiff. That is because, once the Defendant's stated justification for the decision has been eliminated, retaliation may well be the most likely alternative explanation for the action taken, especially since the Defendant is in the best position to put forth the actual reason for its decision.

If you find pretext, then you must enter a verdict in favor of Ms. Brunker. If you do not find pretext, you must enter a verdict in favor of the school system.

Authority:  Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 153, 120 S. Ct. 2097 (2000); Manzer v. Diamond Shamrock Chem. Co., 29 F.3d 1078, 1084 (6th Cir. 1994).

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

Pl. Instruction #2.07

Honest Belief Rule


Under the "honest-belief doctrine," "for a [defendant] to avoid a finding that its

claimed nondiscriminatory reason was pretextual, 'the employer must be able to establish its reasonable

reliance on the particularized facts that were before it at the time the decision was made.'" "The

[plaintiff] then has the opportunity to introduce contrary evidence, but the decisional process need not

be optimal, only reasonably informed and considered."


Russell v. Univ. of Toledo, 537 F.3d 596, 605 (6th Cir. 2008) (quoting Wright v. Murray Guard, Inc.,

455 F.3d 702, 708 (6th Cir. 2006) (emphasis in original); Johnson v. Fortune Plastics of Tenn., No.

3:14-cv-01310, 2016 U.S. Dist. LEXIS 148296, at *9 (M.D. Tenn. Oct. 26, 2016)(Crenshaw, J.)




_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #2.07</u>

Elements of First Amendment/Section 1983 Claim

To show retaliation in violation of the First Amendment, the Plaintiff must show, by a preponderance of the evidence, that "(1) [s]he engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against [her] that would deter a person of ordinary firmness from continuing to engage in that conduct; [and] (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [her] protected conduct."


*Wenk v. O'Reilly*, 783 F.3d 585, 593 (6th Cir. 2015), *cert denied Schott v. Wenk*, 136 S. Ct. 792 (U.S. 2016).


_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #2.09</u>

Substantial or Motivating Factor

Like the ADA and Section 504, there may be multiple causes for a decision. In order to show First Amendment retaliation, the Plaintiff has to show that her report of child abuse was *one* factor in the adverse action taken against her.  It does not have to have been the *only* reason for the action.


*Laster v. City of Kalamazoo*, 746 F.3d 714, 733 (6th Cir. 2014).

3.      CONCLUSORY INSTRUCTIONS

Pl. Instruction #3.01

Sympathy and Hostility

Sympathy or hostility must not enter into your deliberation as jurors no matter what your sympathy or hostility may lead you to think.  Sympathy or hostility has no place in the trial of a lawsuit, or in the making up of your minds as to what your verdict shall be.  The question is not whether Ms. Brunker suffered a serious injury, nor whether she was treated fairly, nor any injury that her daughter may have suffered, but whether unlawful retaliation occurred.

Authority:  Chappell v. GTE Products Corp., 803 F. 2d 261, (6th.  Cir. 1986); Smith Corona Corp.  v. Pelikan, Inc., 784 F. Supp. 452 (M.D.  Tenn.  1992)

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

Burden of Proof and/or Preponderance of Evidence

Ms. Brunker has the burden in a civil action, such as this, to prove every essential element of her claims by a preponderance of the evidence. If she proves every essential element, you then should find in her favor as to that claim. Likewise, if she should fail to establish any essential element of her claims by a preponderance of the evidence, you then you should find for defendants as to that claim. "Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You must consider all the evidence on each issue. It may be helpful to envision a set of balancing scales. After considering all the proof on a particular element of Ms. Brunker's' case, the scales must be tipped in their favor on that issue, be it ever so slightly, for her to prevail on that issue. If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence, and the party having the burden of proving that issue has failed.

*Authority: Southmayd v. Apria Healthcare, Inc., No. 3:04-cv-215 (E.D. Tenn.) (J. Phillips Charge); Hunter v. Metropolitan Gov't of Nashville and Davidson County Tennessee, No. 3:12-cv-916 (M.D. Ten*n.).

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #3.03</u>

Subjective Belief


In determining whether plaintiff has proven any required element of her claims, her mere opinions, or assumptions and conclusions are not relevant. conspiracy theories, rumors, conclusory allegations, subjective beliefs, and other self-serving statements are not evidence to prove a claim of unlawful retaliation. Your job is to consider the facts as they have been presented to you, not the opinions, assumptions, or conclusions of any witness.


<u>Authority: Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992); Mulhall v. Ashcroft, 287 F.3d</u>
<u>543, 552 (6th Cir. 2002).</u>


_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #3.04</u>

Damages


Ms. Brunker has asserted a claim for compensatory damages. In this context, compensatory damages would include damages resulting from any embarrassment or humiliation Ms. Brunker suffered as a result of unlawful discrimination. The words "embarrassment" and "humiliation" are used in their everyday meaning. Not every embarrassment or humiliation, however, is compensable. Embarrassment and humiliation are compensable only when a reasonable person with ordinary sensibilities under the same or similar circumstances would be embarrassed or humiliated. There is no mathematical formula for computing reasonable compensation for embarrassment and humiliation, nor is the opinion of any witness required as to the amount of such compensation. You may only award compensation for alleged emotional distress or pain and suffering and embarrassment, humiliation, or inconvenience you conclude reasonably resulted from the Ms. Brunker being banned from going beyond the front desk of the school.

You may award damages only for those injuries which you find Ms. Brunker have proven by a preponderance of evidence to have been the direct result of conduct by the defendants. You must distinguish between, on the one hand, the existence of a violation of Ms. Brunker's' rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendants deprived Ms. Brunker of her rights you must also ask whether Ms. Brunker has proven by a preponderance of evidence that the deprivation caused the damages that she claims to have suffered.

If you find that the damages suffered by Ms. Brunker was partly the result of conduct by the defendants that was lawful and partly the result of conduct by the defendants that was unlawful, then you must apportion the damages between the legal and illegal conduct - - that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.


<u>Authority: Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2D 252 (1978); Authority: see</u>

Butler v. Rue 21, Inc., No. 1:11-CV-09, 2011 WL 882782, at *1 (E.D. Tenn. Mar. 11, 2011).

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

Pl. Instruction #3.05

Deliberation and Verdict

(1)  That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)  If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.]

(5)  One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Authority:  CA6. Pattern Jury Instructions § 8.01 Deliberation and Verdict -Introduction

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #3.06</u>

Experiments, Research, Investigation and Outside    Communications

(1)  Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)  You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of

29

these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Authority:  CA6. Pattern Jury Instructions § 8.02 Experiments, Research, Investigation and Outside Communications .

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

Pl. Instruction #3.07

Unanimous Vote

Your verdict, whether it is guilty or not guilty, must be unanimous as to each claim that has been made. To find the defendants liable on any claim every one of you must agree that Ms. Brunker has proven her claim by a preponderance of the evidence.

Authority:  CA6. Pattern Jury Instructions § 8.03 Unanimous Verdict

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

Pl. Instruction #3.08

Duty to Deliberate

(1)  Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:  CA6. Pattern Jury Instructions § 8.04 Duty to Deliberate

_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #3.09</u>

Verdict Form

(1)  I have prepared a verdict form that you should use to record your verdict. The form reads as follows:

Q1.    Do you find Defendant Cheatham County engaged in retaliation against Ms. Brunker under the ADA-Section 504?

      <u>    </u>          <u>    </u>
      Yes            No

Q2.    Do you find Defendant Cheatham County engaged in retaliation against Ms. Brunker under the First Amendment?

      <u>    </u>          <u>    </u>
      Yes            No

Q3.    If you answered <u>either</u> question 1 <u>or</u> question 2 with a "yes," then enter the amount of compensatory damages, if any, you believe is appropriate to compensate Ms. Brunker:

      $_____.

Q.4.    Do you find Defendant Roney engaged in retaliation against Ms. Brunker under the First Amendment?

      <u>    </u>          <u>    </u>
      Yes            No

Q.5.    If you answered "yes" to question 4, then enter the amount of compensatory damages, if any, you believe is appropriate: $_____.

      <u>    </u>          <u>    </u>
      Yes            No

Turn in this form to the marshal.

<u>      </u>  GIVEN

_____ REFUSED
_____ GIVEN AS MODIFIED

Pl. Instruction #3.10

Court Has No Opinion


Let me finish up by r saying that nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if Ms. Brunker has proved her claims in this case.

Authority:  CA6. Pattern Jury Instructions § 8.09 Court Has No Opinion


_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED

<u>Pl. Instruction #3.11</u>

Juror Notes


(1)  Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

(3)

<u>Authority:  CA6. Pattern Jury Instructions § 8.10 Juror Notes</u>



_____ GIVEN
_____ REFUSED
_____ GIVEN AS MODIFIED


Respectfully submitted,

**GILBERT McWHERTER
SCOTT BOBBITT, PLC**

s/Justin S. Gilbert
JUSTIN S. GILBERT (TN Bar No. 017079)
200 W. Martin Luther King Blvd,
Suite 1067
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

*Attorney for Plaintiff*

35

**<u>CERTIFICATE OF SERVICE</u>**

       I certify that a true and correct copy of the foregoing Motion was forwarded by electronic means via the Court's electronic filing system on December 27, 2017, to the following:

Kenneth S. Williams
MADEWELL, JARED, HALFACRE, WILLIAMS, & WILSON
230 N. Washington Ave.
Cookeville, TN 38501

*Attorney for Defendant*


<u>s/Justin S. Gilbert</u>